UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MARCUS ASAY,<br><br>Defendant. | No. 1:22-CR-00162-DAD-BAM<br><br>**ORDER** |

This matter is before the Court on Defendant Marcus Asay's ("Defendant") Motion to Continue Jury Trial.  (ECF No. 47.)  The Government filed an opposition.  (ECF No. 49.)  For the reasons set for below, Defendant's Motion to Continue Jury Trial is DENIED.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On June 9, 2022, the Government filed an Indictment charging Defendant with three counts of filing a false tax return in violation of 26 U.S.C. § 7206(1) and one count of concealing and failing to disclose an event relating to social security benefits in violation of 42 U.S.C. § 408 (a)(4).  (ECF No. 1 at 1–4.)  On July 7, 2022, Defendant appeared before a magistrate judge for his initial appearance and pleaded not guilty to the counts in the Indictment.  (ECF No. 6.)

On September 11, 2024, the Court set a jury trial for April 22, 2025.  (ECF No. 30.)  The Court then vacated the April 22, 2025 trial date, and on March 12, 2025, after a status conference,

1

1  set a new trial date for October 28, 2025.  (ECF No. 38.)  On September 12, 2025, Defendant
2  filed the instant Motion to Continue Jury Trial.  (ECF No. 47.)  The Government filed an
3  opposition.  (ECF No. 49.)

**II. ANALYSIS**

A district court has "broad discretion" to grant or deny a continuance.  *United States v. Flynt*, 756 F.2d 1352, 1358 (9th Cir. 1985).  There are four factors relevant to determine whether Defendant's request for continuance should be granted: (1) the defendant's diligence in preparing his case; (2) the likelihood that the continuance would serve a useful purpose; (3) the inconvenience to the court and opposing party; and (4) the harm the defendant would suffer as a result of the denial of the continuance.  *United States v. Anguiano*, 731 F. App'x 699, 700 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 1303 (2019); *see also United States v. Kloehn*, 620 F.3d 1122, 1127 (9th Cir. 2010) (citing *Flynt*, 756 F.2d at 1358).

Defendant does not address these factors.  (*See generally* ECF No. 47.)  Instead, Defendant's counsel argues he has not been able to prepare for trial since Defendant has been incarcerated.[1]  (ECF No. 47 at 5.)  Specifically, Defendant's counsel contends the discovery exceeds 30,000 items which he needs to review with Defendant.  (*Id.*)  As the Government points out, however, Defendant has been in possession of discovery in this case for two and half years, during most of which time Defendant was out of custody and able to review the discovery.  (ECF No. 49 at 2–3.)  Defendant's counsel does not explain why he could not have been prepared for trial with reasonable diligence nor why a continuance would resolve the issues identified in the motion.  (*Id.* at 3.)

The Court finds Defendant has not demonstrated diligence in preparing for trial, that a continuance would serve a useful purpose, or that he would suffer harm as a result of the denial of

---

[1] Defendant also contends: (1) he suffers from various medical conditions and is receiving substandard care at a Bureau of Prisons facility; (2) his counsel is presently preparing an opening brief in a different but related case that is due on September 23, 2025; and (3) his counsel has a vehicular manslaughter jury trial that will begin on October 9, 2025 in Fresno County Superior Court.  (ECF No. 47 at 5.)  The motion does not explain why the allegedly deficient care or his counsel's other commitments warrant a trial continuance or how a trial continuance would help.  As such, the Court declines to address these arguments.

the continuance.  Further, the Court finds a continuance would inconvenience the Court, the witnesses, and Government's counsel.  Accordingly, the Court DENIES Defendant's Motion to Continue Jury Trial.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion to continue the trial date is DENIED. (ECF No. 47.)  A Trial Confirmation hearing is set for October 6, 2025, at 9:30 A.M. in Courtroom 5.

IT IS SO ORDERED.

Date: September 22, 2025

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE